IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**Gregg B. Colton, on behalf of himself and a class of similarly situated persons,**

　　　　　　**Plaintiff**

v.

**Continental Resources, Inc.**

　　　　　　**Defendant.**

Case No.  22-CV-208-JAR

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Gregg B. Colton ("Colton" or "Plaintiff"), on behalf of himself and the Class defined below, for his class action complaint against Defendant Continental Resources, Inc. (collectively, "Defendant" or "Continental"), alleges:

### SUMMARY

1. This class action concerns Continental's past and continuing violations of Oklahoma's Production Revenue Standards Act ("PRSA") related to the payment of oil or gas production proceeds to owners.

2. Pursuant to the express provisions of 52 O.S. §570.10(D), Defendant Continental is required to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are not paid prior to the end of the applicable time periods provided in this section, that portion not timely paid shall earn interest at the rate of twelve percent (12%) per annum to be compounded annually, calculated from the end of the month in which such production is sold until the day paid."

3. At various times since May 24, 2017, Continental has made royalty payments to Colton and the other members of the Class more than six months after the date of the first sale, and later than the last day of the second succeeding month after the end of the month within which such production is sold. 52 O.S. § 570.10(B)(1).

4. Continental is bound by statute to pay interest on late payments, but Continental has consistently ignored such obligations, and has intentionally violated Oklahoma law.

5. Colton brings this class action to recover damages on behalf of himself and a defined Class of all similarly situated owners, who have received late payments from Continental which have not included the statutory interest required pursuant to 52 O.S. § 570.10(D).

## **PARTIES**

6. Plaintiff Colton is a citizen and resident of the State of Utah, who resides at 65 South Pfeifferhorn Drive, Alpine, Utah 84004. Colton has been a lessor under an oil and gas lease with Continental, and has received, at various times since May 24, 2017, late royalty payments from Continental on oil or gas produced and sold by Continental from Oklahoma wells subject to Colton's royalty interest. On all such late royalty payments, Continental has consistently failed to pay Colton twelve percent per annum interest, required by 52 O.S. § 570.10(D).

7. Defendant Continental is an Oklahoma corporation, with its principal place of business located at 20 N. Broadway, Oklahoma City, Oklahoma 73102.

8. Continental owns and operates more than 1,300 oil and gas wells in the State of Oklahoma.

## **JURISDICTION AND VENUE**

9. The preceding allegations are fully incorporated by reference.

10. This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000, and because members of the Class and the Defendant are citizens of different states.

11. This court has personal jurisdiction over Continental because a substantial portion of acts and conduct of Continental giving rise to the claims alleged in this class action occurred in this judicial district, and because Continental's principal place of business is located in the state of Oklahoma.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts and conduct of Continental giving rise to claims alleged in this class action occurred in this judicial district.

## FACTUAL ALLEGATIONS

13. The preceding allegations are fully incorporated by reference.

14. The PRSA requires that "[p]roceeds from the sale of oil or gas production from an oil or gas well shall be paid to persons legally entitled thereto . . . commencing not later than six (6) months after the date of first sale, and . . . thereafter not later than the last day of the second succeeding month after the end of the month within which such production is sold." 52 O.S. § 570.10(B)(1)(a)–(b).

15. When a holder of proceeds fails to pay oil or gas proceeds within those time-lines (*i.e.*, when the holder makes a "late payment"), the holder automatically owes interest on the late payment. *See id.* § 570.10(D)(1)-(2).

16. Despite this clear statutory obligation, Continental has not paid interest on any late payments.

17. Plaintiff Colton is legally entitled to the proceeds derived from the sale of the oil, gas, or related hydrocarbons produced from numerous Oklahoma oil and gas wells that are operated by Continental and have received royalty or other payments from Continental on the oil, gas, and related hydrocarbons produced and sold from such wells at various times between May 24, 2017 and the present.

18. Continental has breached its statutory late payment interest obligations to Colton because Continental, on late payments which Continental has made to Colton, has failed to pay Colton the statutorily required twelve percent per annum interest on all such late payments, including payments that have been made on oil, gas, or related hydrocarbon sale proceeds received by Colton which are not "first sales," and which have been made more than sixty days after the calendar month within which such production is sold by Continental from wells in which Colton owns an interest.

19. For example, for natural gas which Continental produced and sold from the Frans Half 1-16-9XH Well, located in Custer County, Oklahoma, in certain months between June 2017 and December 2018, in which Colton owns an interest, and on which Continental has received payment from the purchaser of such production, and which was not a "first sale," Colton received a late payment from Continental on such production because Colton did not receive payment on their share of the sales proceeds until August 2019. When Continental made its late payment to Colton for their share of such production and sale proceeds in August 2019, Continental did not pay Colton the statutorily required twelve percent per annum interest set forth in the PRSA. Nor has Continental made any such interest payment to Colton at any time since August 2019. (Ex. 1).

## CLASS ACTION ALLEGATIONS

20. The preceding allegations are fully incorporated by reference.

21. Plaintiff Colton brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class (the "Class") defined as:

> All non-excluded persons with a legal interest in the mineral acreage under an Oklahoma oil and gas well which entitles such persons to a portion of the proceeds or revenues therefrom, who: (1) have received late payments from Continental (or Continental's designee) at any time since May 24, 2017, on oil, gas, or related hydrocarbons produced and sold by Continental from Oklahoma wells in which such non-excluded persons have such legal interests; and (2) on which payments Continental has not paid such persons interest at the statutory rate of twelve percent per annum, compounded annually.
>
> Excluded from the Class are: (1) Continental, its affiliates, predecessors, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America; and (3) any Indian Tribe defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2).

22. Upon information and belief, there are more than 1,300 members of the defined Class, and joinder of such persons in this class action is therefore impracticable.

23. Upon information and belief, the class members own interests throughout the State of Oklahoma and specifically own interests in counties situated within the Judicial District for the Eastern District of Oklahoma.

24. The questions of fact and law common to the class include:

   a. Whether Colton and the Class own legal interests in the Oklahoma properties upon which Defendant has an obligation to pay oil or gas proceeds;

   b. Whether, under Oklahoma law, Continental owed interest to Colton and the Class on any late payments under the PRSA;

   c. Whether Continental's failure to pay interest to Colton and the Class on any late payments constitutes a violation of the PRSA; and

   d. Whether Continental is obligated to pay interest on future late payments under the PRSA.

25. Colton's claims are typical of the Class because each Class members' claims against Continental are identical.

26. Colton will fairly and adequately protect the interests of the Class. Colton is represented by attorneys who are skilled and experienced in natural gas royalty underpayment class action litigation, and Colton has no conflicts of interest with any other Class member.

27. The factual allegations and questions of law in this class action are common to the members of the Class and predominate over any questions affecting only individual members.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CLAIM FOR RELIEF
(Continental's Violation of 52 O.S. § 570.10)

29. The preceding allegations are fully incorporated by reference.

30. Since May 24, 2017, Continental has made late payments to Colton and the other members of the Class, by making payments to the Class members which were either: (a) later than six months after the first day of the month following the date of Continental's first sale of oil, gas, or related hydrocarbons from a well in which a Class member owns an interest; and/or (b) for all oil, gas, or related hydrocarbon sales which were not Continental's first sales of oil, gas, or related hydrocarbons from a well in which a Class member is legally entitled to their proportionate share of the proceeds, later than sixty days after the end of the calendar month within which payment was received by Continental on its sale of oil, gas, or related hydrocarbons produced by Continental from Oklahoma wells in which one or more Class members own a royalty, overriding royalty, or working interest; and (c) with respect to such late payments made by Continental to the members of the defined Class, Continental has not paid the Class members twelve percent per annum interest, as statutorily required under 52 O.S. § 570.10(D).

31. As a direct result of Continental's failure to pay Colton and the Class members twelve percent per annum interest, to be compounded annually, on the above-referenced late payments, Colton and the Class have sustained substantial damages.

32. Based upon Continental's failure to pay Colton and the Class members twelve percent per annum interest on late payments, as required under the PRSA, Colton and the Class are entitled to an award of attorney's fees from Continental, pursuant to 52 O.S. § 570.14(A)(2).

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment)**

33. The preceding allegations are fully incorporated by reference.

34. A controversy exists between Colton and the other members of the Class and Continental regarding Continental's obligation to pay the statutory interest on late payments pursuant to the PRSA, on future late payments made by Continental after the date of final judgment in this case ("future late payments").

35. Colton requests that the Court enter a declaratory judgment determining that on all future late payments to Colton and the Class members, Continental is required to pay Colton and the other Class members the statutorily required twelve percent per annum compounded annually interest payment.

## PRAYER FOR RELIEF

Wherefore, Colton prays for the following relief:

1. An Order determining that the claims asserted by Colton on behalf of the defined Class should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that Colton be appointed as the Class Representative for the defined Class, and that Colton's attorneys be appointed as Class Counsel for the defined Class;

2. A judgment in favor of the defined Class against Defendants for the full amount of unpaid twelve percent per annum interest on late payments made by Defendants to the Class members since May 24, 2017;

3. An award of Class attorney's fees to counsel for Colton and the other members of the defined Class pursuant to 52 O.S. § 570.14(A)(2).

4. A declaratory judgment determining that Continental is required to pay twelve percent per annum statutory interest on all future late payments to Colton and the other members of the defined Class; and

5. An award of costs and such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Colton and the proposed Class members demand a jury trial on all issues so triable.

By: */s/ James R. Hicks*
James R. Hicks
Trevor R. Henson
BARROW AND GRIMM, P.C.
110 W. Seventh St., Ste. 900
Tulsa, OK 74119
(918) 584-1600
jhicks@barrowgrimm.com

-and-

George A. Barton (to be admitted PHV)
Seth K. Jones (to be admitted PHV)
BARTON AND BURROWS, LLC
5201 Johnson Drive, Ste. 110
Mission, KS 66205
(913) 563-6250
George@bartonburrows.com
seth@bartonburrows.com

*Attorneys for Plaintiff Gregg B. Colton and the proposed Class*