IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGG B. COLTON, on behalf of himself and a class of persons similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>CONTINTENTAL RESOURCES, INC., *et al.*,<br><br>*Defendants.* | Case No. 22-00208-EFM |

**MEMORANDUM AND ORDER**

Plaintiff Gregg Colton brings this class action against Defendants Contiental Resources, Inc., Enable Gathering & Processing, LLC, and DewBlaine Energy, LLC., allegting they have failed to properly pay interest on late royalty payments, as required by Oklahoma law. Defendant Continental has moved to dismiss or stay the action in light of an earlier action pending in the Eastern District of Oklahoma before Judge White. (Doc. 42). As explained below, the Court agrees the first to file rule applies, but denies the request for dismissal or a stay. Instead, the Court follows the majority practice of transferring the matter.

I.     **Factual and Procedural Background**

In 2015, Plaintiff leased property to Defendant Continental Resources for oil and gas production. Plaintiff first brought this prospective class action on July 19, 2022. In his original

Complaint, Plaintiff as lessor brought suit against lessee Continental Resources, Inc., alleging that it had violated the Oklahoma Productions Revenue Standards Act (PRSA), by not paying required interest on proceeds from oil and gas production.[1]  Continental was the only named Defendant in the original Complaint.

On August 31, 2022, Defendant Continental moved to dismiss or stay the action in light of the class action which had been filed against it on May 24, 2022, *Blevins v. Continental Resources, Inc.*[2]  Continental argued that the first to file rule limited this Court's jurisdiction to consider the action.

Two weeks later, Plaintiff filed an Amended Complaint which added claims against Enable Gather & Processing, LLC, and against DewBlaine Energy, LLC.  The Amended Complaint alleges that DewBlaine Enable is "a non-operating 'Producing Owner,' as defined in Section 570.2 of the PRSA," owning 49.9% of the working interest in the lease; and alleges that Enable is first purchaser of the gas produced by the lease.  The Amended Complaint alleges that all three Defendants violated PRSA § 570.10 by providing late royalty payments and failing to provide interest on such payments.

Defendant Continental then renewed its motion to dismiss, again invoking the first to file rule.

## II.     Legal Standard

---

[1] 52 O.S. § 570.10(D).

[2] No. 22-160-RAW (E.D. Okla.).

"[W]hen two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."[3] As a result, "the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."[4] This rule is "a judicially created doctrine of federal comity,"[5] which exists "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[6]

"When determining whether to apply the first-to-file rule, courts examine the following factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake."[7] Exceptions to the rule are limited, and "a court should depart from the first-to-file doctrine only in extraordinary circumstances involving inequitable conduct, bad faith, anticipatory suits or forum shopping."[8] Although the issue generally arises when the second action is filed in another district, the rule also applies to two actions filed in the same district.[9]

### III.   Analysis

---

[3] *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982). *See also O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972) ("It is well established in this Circuit that where the jurisdiction of a federal district court has attached, that right cannot be arrested or taken away by proceedings in another federal district court.").

[4] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).

[5] *In re Bozic*, 888 F.3d 1048, 1051 (9th Cir. 2018) (citations and internal quotations omitted).

[6] *West Gulf Marine Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

[7] *Masciotra v. Vertafore, Inc.*, 2021 WL 1720860, at *2 (D. Colo. 2021) (citing *Brannon v. Express Scripts Holding Co.*, 2018 WL 263237, at *3 (D. Kan. 2018)).

[8] *Hubbard v. Argent Mortg. Co., LLC*, 2016 WL 4537869, at *5 (D. Colo. 2016) (cleaned up).

[9] *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (The first-to-file rule "applies where related cases are pending before two judges in the same district."); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) ("[T]he first to file rule is not limited to cases brought in different districts.").

As noted earlier, Defendant Continental argues the present action should be dismissed or stayed in light of the *Blevins* action. Plaintiff argues that the present action should be allowed to proceed, emphasizing the addition of Defendants Enable Gathering and DewBlaine Energy in the Amended Complaint, Defendants who are not parties to the *Blevins* action. Alternatively, Plaintiff argues that even if the first to file rule applies, transfer is the appropriate remedy.

The parties do not dispute the existence the first of the three elements of the first to file rule, that an earlier action was filed which touches on the same issues here. Nor is there any suggestion by Plaintiff that any of the equitable exceptions to the rule applies here. The dispute between the parties focuses on the two remaining factors supporting the application of the rule: whether the addition of additional parties defeats the rule, and whether the issues are sufficiently similar for the rule to apply.

The Court finds Plaintiff's contention that the rule cannot apply because he has added two additional defendants lacks merit. It is well accepted that "the parties do not need to be identical" and that "[o]nly similarity or substantial overlap is required."[10] If substantial similarity exists, "the parties need not be identical in order to transfer pursuant to the first to file rule."[11] Indeed, with regard to class actions, "[c]ourts have previously observed the first-to-file rule when the first-filed class is a subset of the second-filed class."[12]

Similarly, the rule does not require precise identity of issues in the two cases. For the rule to apply, "the issues must only be substantially similar in that they seek like forms of relief

---

[10] *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 683 F. Supp. 2d 1261, 1278–79 (D. Utah. 2010) (internal quotations omitted) (citing cases).

[11] *Cherokee Nation v. Nash*, 724 F.Supp.2d 1159, 1167 (N.D. Okla. 2010).

[12] *Norrid v. D.A.R.P., Inc.*, 2018 WL 2977384, at *3 (E.D. Okla. 2013).

and hinge on the outcome of the same legal/factual issues."[13]  "The asserted theories of recovery need not mirror each other so long as the underlying claims arise out of the same improper actions by the defendants."[14]

Plaintiff argues that a second-filed action is subject to dismissal or stay only if it is "duplicative" of the prior action.  While the case cited by Plaintiff does use that term during its discussion of the first to file rule,[15] it immediately qualifies this by restating the standard set out previously — that "[i]mportantly, the parties and issues need not be identical. Rather, the crucial inquiry is whether the parties and issues substantially overlap."[16]

In *Blevins*, the plaintiff alleges that Continental has violated the same provision of the PRSA which requires the payment of interest on royalty payments made more than six months after the date of sale.[17]  The complaint alleges that Continental "only pays statutory interest to owners who demand it," rather than automatically "[d]espite [the] clear statutory obligation."

In the present action, Plaintiff alleges that "the PRSA provides specific time periods in which proceeds must be distributed to the owners legally entitled thereto," and "must pay interest on such proceeds" when made outside that time.  As a result, "Defendants violated the PRSE by failing to provide the require statutory interest."

---

[13] *Shannon's Rainbow*, 683 F.Supp.2d at 1279 (citing *Horn & Hardart Co. v. Burger King Corp.*, 476 F. Supp. 1058, 1059–60 (S.D.N.Y. 1979)).  *See also Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F.Supp.2d 1287, 1298 (D. Kan. 2010) ("[T]he first-to-file rule does not require identity of claims.").

[14] *Norrid*, 2018 WL 2977384, at *3 (citing *Chieftain Royalty Co. v. XTO Energy, Inc.*, 2011 WL 1533073, at *1 (E.D. Okla. 2011) .

[15] *Fuller v. Abercrombie & Fitch, Stores, Inc*., 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005).

[16] *Id*. (citations omitted).

[17] 52 O.S. § 570.10(D).

The Amended Complaint alleges that DewBlaine, a non-working interest owner in the well in question, violated the same portion of the statute that Continental is accused of violating, O.S. § 570.10(D).  The Amended Complaint alleges that Enable, violated another subsection of the statute, O.S. § 570.10(E), which provides that first purchasers of oil or gas production are also liable for "interest as provided in subsection D of this section on that portion of the proceeds not timely paid."

The issues raised in both this case and the *Blevins* action are substantially similar.  Both complaints allege that the parties responsible for royalty payments to Oklahoma lessors have failed to make the interest payments required by state law.  As a result, the Court finds that the first to file rule applies, and the Court should defer to court heraring the first action to determine whether or how this aciton should proceed.[18]

Because the first to file rule applies, the Court has the discretion to transfer, stay or dismiss the present action.[19]  "Few courts choose flatly to dismiss a second-filed suit, and in many of these cases the reason for dismissal is a court/s inability to transfer."[20]  Instead, courts generally choose to transfer rather than dismiss a second-filed action.[21]  A transfer is generally "the proper course of action" if the first to file rule applies.[22]  Notably, none of the cases cited by

---

[18] *Cherokee Nation*, 724 F. Supp. 2d at 1167 (Second-filed court "must make the initial determination of wther the first to file rule *generally* applies," and, if so, "defer[] to the first-filed forum to determine whether the related actions must and/or should proceed.").

[19] *Norrid*, 2018 WL 2977384, at *1 (citing *Wallace B. Roderick Revocable Living Trust v. XTO Energy*, Inc., 679 F. Supp .2d 1287, 1297 (D. Kan. 2010) and *Cedars-Sinai Med. Ctr. v Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)).

[20] *Elite Phys. Servs., LCC v. Citcorp Credit Servs., Inc. (USA)*, 2007 WL 1100481, at *5 (E.D. Tenn. 2007).

[21] *Mitchell v. Wells Fargo Bank, N.A.*, 2020 WL 7480806, at *5 (W.D. Tenn. 2020).

[22] *Cadle*, 174 F.3d at 606.

Defendant applying the first to file rule where the parties are "substantially similar" but not identical have opted for dismissal as the appropriate remedy.[23]

The alternative remedy sought by Defendant, a stay of the action, "may be preferred when there are uncertainties regarding the first-filed case."[24] But there are no uncertainties here—there is no suggestion that the court in *Blevins* lacks jurisdiction, or that the ability of the court to hear that action is otherwise in doubt. Notably, Defendant's reply offers no argument whatsoever why a transfer would not be the appropriate resolution.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or Stay is **DENIED**. The Court directs the Clerk to transfer the present action to Judge White for further proceedings.

**IT IS SO ORDERED**.

Dated this 2nd day of December, 2022.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[23] *GWACS Armory, LLC v. KE Arms, LLC*, 2021 WL 217607 (N.D. Okla. 2021) ("The Court finds that the first to file rule is applicable and . . . the appropriate remedy is to stay this case to allow the Arizona court to determine whether it will exercise jurisdiction over KEA's claims."); *Norrid*, 2018 WL 2977384, at *1 ("The court finds that the first-to-file rule provides an adequate basis for transfer."); *Letbetter v. Local 514, Transp. Workers Union of Amercia*, 2014 WL 4403521, *4 ("If the second-filed court finds that the first-to-file rule generally applies, the second-filed court should transfer the case to the first-filed court for enforcement of the rule.").

[24] *Steavens v. Elec. Data Sys. Corp.*, 2008 WL 5062847, at *3 (E.D. Mich. 2008) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628–29 (9th Cir.1991)).