IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

GREGG B. COLTON, on behalf )
of himself and a class of )
similarly situated persons, )
                                        )
             Plaintiff, )
                                        )
vs. )    Case No.   CV–22–208–RAW–JAR
                                        )
CONTINENTAL RESOURCES, INC.; )
ENABLE GATHERING & )
PROCESSING, LLC; and )
DEWBLAINE ENERGY, LLC, )
                                        )
             Defendants. )

## FINDINGS AND RECOMMENDATIONS

This matter comes before the Court on Plaintiff's Motion for This Court's Order Finding That It Does Not Have Subject Matter Jurisdiction in this Case (Docket Entry #80) and Defendant Continental Resources, Inc.'s Motion to Stay (Docket Entry #73). Plaintiff filed the Complaint initiating this action against Continental Resources, Inc. in the Eastern District of Oklahoma on July 19, 2022. After Defendant filed a Motion to Dismiss or, in the Alternative, Motion to Stay on August 31, 2022, Plaintiff filed the First Amended Complaint on September 13, 2022, asserting claims against Continental Resources, Inc, (hereinafter "Continental") as well as two additional parties, Enable Gathering & Processing, LLC (hereinafter "Enable") and DewBlaine Energy, LLC (hereinafter "DewBlaine"). On September 30, 2022, United States District Judge John F. Heil found Defendant Continental's Motion to Dismiss or, in the Alternative, Motion

to Stay to be moot in light of Plaintiff's First Amended Complaint. Defendant Continental re-urged their assertion that the first to file rule was applicable in this case through a Motion to Dismiss Amended Complaint or, in the Alternative, Motion to Stay the Case. United States District Judge Eric F. Melgren found that the first to file rule applied but denied Defendant Continental's motion finding that the appropriate remedy was to transfer the second-filed case to the Judge presiding over the first-filed case, so that the determination of which case would proceed could be more accurately made. The case was transferred to the judge presiding over the first-filed case, United States District Judge Ronald A. White. Judge White subsequently referred this case to the undersigned, United States Magistrate Judge Jason A. Robertson, for all pretrial and discovery matters, including dispositive motions on December 5, 2022.

In the First Amended Complaint, Plaintiff first alleges that the Court has subject matter jurisdiction "under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000, and because at least one member of the Class is a citizen of a state in which all of the Defendants are not citizens." Plaintiff then alleges that Plaintiff executed an oil and gas lease with lessee, Continental, on April 7, 2015. Sometime thereafter Continental drilled an additional well, Frans Half 1-16-9XH Well (hereinafter "the well"), that unitized with the lease Continental held with Plaintiff. Defendant DewBlaine was the non-operating working interest owner in the well and Defendant Enable was the first purchaser of the gas produced from the well.

Plaintiff alleges that Continental, DewBlaine, and Enable made royalty payments after the statutorily required time period set forth in Oklahoma's Production Revenue Standards Act (hereinafter "PRSA") to Plaintiff and other members of the putative class but failed to pay the interest required for such late payments. Under the PRSA, in instances where royalty payments are made after the statutorily required time period, the holder of the proceeds, in this case Defendants Continental, DewBlaine, and Enable, owes twelve percent annum interest on the late payments. Plaintiff contends that Defendants have failed to pay the statutorily required interest on the late payments.

On February 2, 2023, Plaintiff filed a "Motion for This Court's Order That It Does Not Have Subject Matter Jurisdiction in This Case" asserting that due to a Tenth Circuit decision "recently brought to the attention of Plaintiff's counsel," this court lacked subject matter jurisdiction over this case. In contradiction with Plaintiff's own pleading, he asserts in this motion that the allegations could not satisfy the $5,000,000 amount in controversy requirement as set forth in 28 U.S.C. § 1332(d). Specifically, Plaintiff asserts that due to the holding in *Whisenant v. Sheridan Prod. Co., LLC*, 627 Fed. App'x 706 (10th Cir. 2015), the interest on the late royalty payments, the crux of this litigation, could not be considered when determining the amount in controversy.

The Class Action Fairness Act (hereinafter "CAFA") established that district courts have original jurisdiction in civil class action suits where "any member of a class of plaintiffs is a citizen of a State different from any defendant," and in "which the matter in controversy exceeds the sum or value of $5,000,000,

3

exclusive of interest and costs." 28 U.S.C. § 1332(d)(2)(A). However, the amount in controversy itself can include interest if that "interest calculation [was] an instrumentality in arriving at the amount of damages to be awarded on the principal demand." *Brown v. Webster*, 156 U.S. 328, 329 (1895). The Tenth Circuit in *Whisenant* interpreted "exclusive of interest and costs," in line with *Brown's* holding. *Whisenant v. Sheridan Prod. Co., LLC*, 627 Fed. App'x 706 (10th Cir. 2015).

In *Whisenant,* unlike here, the principal amount in controversy was the payment of royalties to the class members. *Id.* at 707–08. Specifically, the Court pointed out that "if [Defendant] ultimately is obliged to pay royalties to the class members" interest would not be included in calculating the sum of the matter in controversy for purposes of determining jurisdiction under the CAFA. *Id.* at 708. Although *Whisenant* stands for the proposition that interest may not be included in the amount in controversy no matter whether it "accumulated upon the principal obligation sued upon because of contract, or by common law, or by statute, or whether the interest be termed a penalty or damages, so long as it is an incident arising solely by virtue of a delay in payment," it is clear that the holding was intended not to be construed contrary to *Brown. Id.* (quoting *Regan v. Marshall,* 309 F.2d 677, 678 (1st Cir.1962)). If the amount in controversy itself is the failure to pay interest, this amount would be included in the amount in controversy calculation for purposes of the CAFA.

This case presents such a circumstance. Plaintiff only alleges that Defendants failed to pay the interest required under Oklahoma law for failure to

4

timely pay royalty payments. In this instance, there is no controversy as to whether the royalty payments were required or were paid, as there was in *Whisenant*. The only controversy that exists is the failure to pay interest on the late royalty payments as is required by statute. The interest thus is the matter of controversy and being that it allegedly exceeds the sum or value of $5,000,000, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

This Court having found it has subject matter jurisdiction over this action will now consider Defendant Continental Resources, Inc.'s Motion to Stay. In this motion, Defendant Continental requests that the Court stay the present action and let a previously filed, substantially similar case proceed first. Continental contends that the previously assigned presiding judge, Judge Melgren, correctly decided that the first to file rule applies, thus the first-filed case, *Blevins, Jr., et al. v. Continental Resources, Inc.*, Case No. 22-cv-00160-RAW–DES, should proceed while this case is stayed.

On December 2, 2022, United State District Judge Eric F. Melgren entered an Order ruling on Continental's Motion to Dismiss Amended Complaint or, in the Alternative, Motion to Stay the Case. Judge Melgren considered whether the first to file rule applied and the appropriate remedy if the first to file rule was applicable. He found that the first to file rule applied in this case as the claims and parties are substantially similar, despite Plaintiff's contention that the inclusion of two additional parties in the First Amended Complaint who are not part of the *Blevins* litigation defeated this rule. In applying the first to file rule,

5

Judge Melgren found that he had the discretion to transfer, stay, or dismiss the presently considered action and found the appropriate remedy was to transfer to the Judge presiding over the first filed case.[1]

In accordance with Judge Melgren's Order, this case was reassigned to District Judge Ronald A. White who subsequently referred the case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions. Judge Melgren having determined the first to file rule applies, this Court must stay the present action as the first filed case proceeds.

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby recommends that Plaintiff's Motion for This Court's Order Finding That It Does Not Have Subject Matter Jurisdiction in This Case (Docket Entry #80) be **DENIED**. Further, the undersigned Magistrate Judge hereby recommends that Defendant Continental Resources, Inc.'s Motion to Stay (Docket Entry #73) be **GRANTED** and that this case be **STAYED** pending the conclusion of *Blevins, Jr., et al. v. Continental Resources, Inc.*, Case No. 22-cv-00160-RAW–DES. The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections with the Clerk of the court. Any such objection shall be limited to ten (10) pages in length. Failure to object to these Findings and Recommendation within fourteen (14) days will preclude review of

---

[1] Judge Melgren cited to the Fifth Circuit case, *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997), that stands for the proposition that the first to file rule "applies where related cases are pending before two judges in the same district," to support his ruling to transfer within the same District Court.

this decision by the District Court. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

    IT IS SO ORDERED this 1st day of September, 2023.

                                  _____
                                  JASON A. ROBERTSON
                                  UNITED STATES MAGISTRATE JUDGE